UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

MARY SEGUIN

v.                                                                                      NO. 24-1313

RHODE ISLAND DEPARTMENT
OF HUMAN SERVICES, ET.AL.

**OBJECTION TO PLAINTIFF'S RENEWED MOTION TO IMPOSE SANCTIONS AGAINST APPELLEES AND COUNSEL FOR APPELLEES FOR OBSTRUCTION OF JUSTICE FRAUD ON THE COURT, CONSPIRACY TO SUBORN PERJURY, MISPRISON OF FELONIES, CONSPIRACY TO MAKE FALSE CLAIMS**

Now come State Defendants/Appellees, and object to "Appellant's Motion for Sanctions Against Appellees and Counsels for Appellees for Fraud on the Court, Conspiracy to Suborn Perjury, Misprision of Felonies, Conspiracy to Make False Claims" powered largely by conspiracy theories and unfounded accusations concerning Rhode Island judges, attorneys, and political and government officials. Since this case was docketed two days ago on Tuesday, April 9, 2024, Plaintiff/Appellant Mary Seguin ("Seguin") Seguin has filed at least 3 documents. Seguin, as the third document in this case, has filed a 1052-page Request to ask this Court to make a referral to the U.S. Attorney General to "investigate and prosecute"

the Appellees and Appellee's counsels (Motion, p. 6-7). This pattern of unnecessary and abundant filings starting in this case, and in her three other cases against State action, is a common pattern of Seguin's appeals. *See* Seguin v. Chafee, No.13-1241; Seguin v. Bedrosian et. al., No. 13-1242. The Appellees note that Seguin's slew of Motions and "Requests" are a blatant attempt to circumvent the Rules of this Court, especially since this case was only docketed two days ago.

Seguin's attachments/exhibits, some of which are duplicative from her previous Motions and Requests previously filed in her other three pending appeals, are both irrelevant to the nuclear issue of whether the doctrine of Younger abstention was properly applied in this case and impermissible under the Federal Rules of Evidence.

The objective of Rule 11 is to "deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses." *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendment). The Federal Rules of Civil Procedure instruct sanctions "imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Indeed, to warrant sanctions, "it is not enough that the filer's 'claim lacked merit' – it must be 'so plainly unmeritorious as to warrant the imposition of sanctions.'" *Eldridge v. Gorden Bros. Grp., L.L.C.*, 863 F.3d 66,

2

88 (1st Cir. 2017) (quoting *Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 58 (1st Cir. 1999).

The Appellees have not engaged in such dilatory or abusive tactics such that sanctions should be imposed. Rather, Seguin is beginning to file motions and—employing the same "dilatory and abusive" litigation tactics that she complains about in her papers within all of her appeals. Phrased a different way, the frivolous filings that Seguin has filed are not "well grounded in fact" and appear to be "interposed for [an] improper purpose, such as to harass or to cause unnecessary delay[.]" *See Nyer v. Winterthur Intern*, 290 F.3d 456, 460 (1st Cir. 2002) (citing to Fed. R. Civ. P. 11). Seguin's attempt to sanction Appellees and Appellee's Counsel with this Court (Motion, p. 6-7) is unavailing and intended only to harass and waste time.

For the foregoing reasons given in support of the Objections to the aforementioned documents, the Defendants/Appellees respectfully request that this Motion to Impose Sanctions against Appellees and Counsels for Appellees be denied.

Respectfully Submitted,

**STATE DEFENDANTS-APPELLEES**,
By:

**PETER F. NERONHA
ATTORNEY GENERAL**

*/s/ Marissa D. Pizaña*

Marissa D. Pizaña (#1209788)
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2055
Fax: (401) 222-2995
mpizana@riag.ri.gov

### CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via U.S. First Class mail to the following on this 11th day of April, 2024.

Mary Seguin
P.O. Box 22022
Houston, TX 77019

*/s/ Marissa D. Pizaña*